## PETTIS FINCH

*v.*

## SABRA ANN SINK.

46  169
153  203

1. ADMINISTRATOR'S SALE OF REAL ESTATE TO PAY DEBTS—*notice of application for order of court.* In determining the sufficiency of a notice of an administrator of · his intention to apply for an order to sell real estate to pay debts, courts will consider whether a reasonable person, in the exercise of his ordinary faculties, on reading the notice, would be apprised by it, in what court, and at what time the petition would be presented.

2. Where a notice specifies that the administrator "will apply at the December term of the County Court, of the county of Mercer, State of Illinois, for an order," &c, and the notice bears date "Sept. 6, 1852," it will be presumed that the application would be made at the December term, A. D., 1852, of said court, although the year in which the term was to be held, is not specifically stated.

3. It is not necessary that the notice should specify the day of the term when the application will be made.

4. If no specific day is named in the notice when the petition will be presented, and the heirs wish to resist the application, they can take a rule on the administrator to file his petition by a certain day, if they are inconvenienced by his delay.

5. SAME—*printer's certificate.* An objection to a printer's certificate of publication of a notice for an application to sell real estate, cannot be raised in a collateral proceeding.

6. TITLES—*will not be overturned on mere technical grounds.* Courts will not overturn titles acquired in good faith, on mere technical objections.

APPEAL from the Circuit Court of Mercer county; the Hon. A. A. SMITH, Judge, presiding.

The facts are sufficiently stated in the opinion.

Messrs. GOUDY & CHANDLER, for the appellant.

Messrs. BLANCHARD, LELAND & HARRIS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

22—46TH ILL.

This was an action of ejectment, in which the defendant derived title through an administrator's sale. It is objected that the court granting the order of sale acquired no jurisdiction because the notice was defective. The notice was as follows:

"Notice is hereby given, that I will apply at the December term of the County Court of the county of Mercer, State 'of Illinois, for an order to sell the real estate hereinafter described, which is a part of the real estate of J. R. Dennison, deceased, to-wit: The old farm, containing one hundred and sixty acres, situated on the north east quarter of section thirty-four, township fourteen north, range five west of the fourth principal meridian, in the county of Mercer and State of Illinois. All persons interested in said estate can appear at said time, and show cause, if any they have, why said order shall not be granted.

"B. C. TALLIAFERRO,

"Sept. 6, 1852.   6-6w.                         "Administrator."

This notice is in all substantial respects, like that held to be sufficient in *Goudy* v. *Hall*, 36 Ill. 317; except that in that case, the word "next" was used in connection with the term of court, and with the month on which the term was to be holden. But the advertisement, unlike the present, bore no date. We sustained the jurisdiction of the court, on the ground that reference might be had to the date of the paper in determining what was meant by the "next term of the Fulton county Circuit Court, to be held in Lewiston on the second Monday of the month of March next." The reasoning adopted in that case is applicable in the present. We said then, as may be said now, that we are to consider whether a reasonable person, in the exercise of his ordinary faculties, reading this notice, would be apprised by it in what court, and at what term, the petition would be presented. In that case, the notice named the Circuit Court of Fulton county, to be held at

Lewiston, but did not name the State of Illinois. We held that a person reading this notice in a paper published at Lewiston, Fulton county, Illinois, would be sufficiently advised that the court referred to was the Circuit Court of Fulton county, in the State of Illinois. In this case, the notice does not mention the year when the December term was to be held, but no person reading the notice, bearing date "Sept. 6, 1852," could doubt that the December term therein named was the succeeding December term, and not a December term of a future year. We are not willing to overturn titles acquired in good faith, and which the Legislature has been so anxious to protect, on objections of this character.

It is objected that this notice did not name the day of the term when the petition was to be presented. The same objection lay against the notice in *Goudy* v. *Hall*, although it was not urged by counsel. But we did not regard it as fatal. We apprehend the more common practice in these cases has been to give the notice for the term, without specifying the day. The statute requires notice to be given of the time and place of presenting the petition. Of course, this requires the designation of a particular term, but if we say that it also requires the designation of a particular day in the term, why not go still further, and hold it necessary to name the hour. Because, it may be said, this would be an unnecessary particularity without any benefit. And the same may be said in regard to fixing a particular day. If a day were fixed, the application could very rarely be heard at the appointed time. That would depend on the regular business of the court. Ordinarily, all that could be done would be to file the petition with the clerk. If no specific day is named, and the heirs wish to resist the application, they can take a rule on the administrator to file his petition by a certain day, if they are inconvenienced by his delay. We are not prepared to hold that the court acquires no jurisdiction, merely because the notice does not specify the day of the term.

An objection is also taken to the printe 's certificate, but this question cannot be raised in this collateral proceeding. *Non constat* but that the court received other evidence of the publication of the certificate. The judgment must be reversed and the cause remanded.

*Judgment reversed.*