## GEORGE SLOAN

*v.*

## JOHN R. GRAHAM *et al.*

1. DECREE—*recitals of finding of the court.* The recital in a decree of court in a proceeding by an administrator to sell real estate, that it appeared to the satisfaction of the court that due notice had been given of the pendency of the petition, according to law, is not overcome, in a collateral proceeding, by the production of a printer's certificate, from the files in the cause, showing defective and insufficient notice.      `\`

2. PRESUMPTION—*that there was evidence heard by the court sufficient to sustain the finding.* Whilst the notice and certificate of the printer are, by the statute, made competent evidence for the court to act upon in proceedings by administrators to sell real estate, they are not the only evidence, and

where the decree recites that the court found due and proper publication of notice, the presumption' is that evidence sufficient to sustain the finding was heard by the court.

3. ADMINISTRATOR'S SALE — *purchase by administrator voidable only.* The fact that the purchaser at an administrator's sale purchases for the administrator, does not render the sale absolutely void, but voidable only, and if proceedings are not instituted in apt time to set the sale aside, by those having the right to contest the same, a ratification by them will be presumed.

4. LACHES—*courts of equity act, by analogy, upon Limitation law.* Where courts of equity have concurrent jurisdiction with courts of law, and a party proceed in equity, if barred at law he will be barred in equity, and although the Statute of Limitations may not, in terms, apply to courts of equity, yet, by analogy, equity will act upon the statute, and refuse relief when the bar is complete at law.

5. COLOR OF TITLE—*what constitutes.* Where a third person purchases land at a sale by an administrator, and purchases for the administrator, receiving a deed to himself, and afterwards reconveying to the administrator in his own right, the deed thus obtained by the latter will constitute color of title under the Limitation act of 1839, and, with the requisite possession and payment of taxes, a bar would doubtless be created in favor of the administrator as against an heir of the intestate.

APPEAL from the Circuit Court of Clark county; the Hon. OLIVER L. DAVIS. Judge, presiding.

Messrs. ROBINSON, KNAPP & SHUTT, and Messrs. DULANEY & GOLDEN, for the appellant.

Mr. O. B. FICKLIN, and Messrs. WILKIN & WILKIN, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by John R. Graham and James W. Graham, heirs at law of Richard Graham, deceased, to set aside an administrator's sale of real estate, made by appellant, George Sloan, administrator of the estate of Richard Graham, deceased, on the 26th day of February, 1853, and also to cancel a deed made by the purchaser at the administrator's sale to appellant, on the 6th day of July, 1855.

The decree under which the sale was made was rendered in the county court of Clark county, January 3, 1853, and it is

insisted that the decree is void, for the reason a notice of the presentation of the petition was not published six weeks prior to the time the application was made for the sale, as required by the statute. The notice on file with the papers, on which the proceeding was had, to which is attached the printer's certificate, was not published as required by the statute, and if that notice was conclusive, the decree could not be sustained. But the decree contains the following: "And it appearing, to the satisfaction of the court, that due notice had been given of the pendency of the petition, according to law, by publication in the Illinois State Democrat, a newspaper published in Marshall, Clark county, Illinois," and the question arises, whether the finding of the court, as contained in the decree, can be overcome by the production alone of a defective notice found among the files in the case. In a collateral proceeding like this, the finding of the court can not be contradicted by parol or other evidence outside of the record in the proceeding itself, and such finding must be regarded conclusive until it is rebutted. *Botsford* v. *O'Conner*, 57 Ill. 72.

Had service in the proceeding by the administrator been made by summons, and it appeared from the summons and return that the service was not sufficient to give the court jurisdiction over the defendants, as was held in the case cited, the presumption of service arising from the finding of the court might be overcome. But here, the service was by publication of notice, and, for aught that appears, the court in which the decree was rendered did not act upon the notice on file. While the notice and certificate of the printer are made competent evidence for the court to act upon, such is not the only evidence that may be resorted to to prove, to the satisfaction of the court, due publication of notice. It may be, the court required the publisher of the notice to appear in court with his paper, and the fact of due publication of the notice was thus proven; and where the decree recites that the court found due and proper publication of notice, we will presume evidence competent to sustain the finding of the court was introduced and heard by the court.

In *Moore* v. *Neil*, 39 Ill. 256, where the decree contained a recital similar to the one under consideration, and the notice on file was insufficient, it was said: "Although the certificate of the printer may have been insufficient, yet we must presume, from this recital, that the court received other evidence of the date of publication."

The same doctrine was held in *Finch* v. *Sink*, 46 Ill. 169, where it is said: "An objection is also taken to the printer's certificate, but this question can not be raised in this collateral proceeding, *non constat* but that the court received other evidence of the publication of the certificate."

Other authorities, where the same principle has been decided, might be cited, but the question is so well settled, at least in this State, a reference to other decisions is not deemed necessary. We do not regard the finding of the court, as recited in the decree, overcome by the notice on file.

It is, however, contended, that the administrator purchased at his own sale, and that it is void. John Sloan, father of the administrator, bid off the land at the sale, and a deed was made to him. About two years and five months afterwards, he reconveyed to George Sloan, the administrator. While John Sloan held the title, he paid the taxes, made some improvements, and treated the property, in all respects, as if he was the owner thereof. At the time he bought he was a creditor of the estate, and bid for the land at the sale all that it was worth.

There is evidence in the record tending to prove that John Sloan purchased for his son, and in our opinion it is sufficient to establish the fact that the administrator purchased at his own sale. But, while we are satisfied, from the evidence, that John Sloan purchased for his son, who was, at the time, administrator, yet that fact did not render the sale void, but voidable only, and if proceedings should not be instituted in apt time by the heirs of Richard Graham, deceased, who alone had the right to contest the sale, a ratification by them would be presumed.

What was said in *Hamilton* v. *Lubukee*, 51 Ill. 415, is in

point here. That was a proceeding to set aside a sale made under a mortgage, where it was alleged the mortgagee had purchased at his own sale, and it was said: "Even if the mortgagee himself had been the purchaser at the sale through the aid of a third party, to whom he could have conveyed, and then taken the title from him, such title would not be absolutely void, but voidable only; and if, immediately, steps should not be taken by the *cestui que trust* (the mortgagor), on his obtaining a knowledge of the sale, to set it aside, a ratification by him would be implied. Such a sale can only be set aside at the option of the *cestui que trust*, and that must be determined in apt time. He has an election to treat the sale valid, if he will." See, also, *Munn* v. *Burges*, 70 Ill. 604.

The appellant took possession of the land in 1855, under a deed from the purchaser at the administrator's sale. He has been in the actual possession of the property ever since, and paid all taxes thereon. The complainant, John R. Graham, was of age July 20, 1867. The other complainant reached his majority on the 8th day of April, 1870. The bill in this case was not, however, filed until the 31st day of March, 1873, which was the first notice appellant had that complainants were dissatisfied with the sale of the property.

Suppose an action of ejectment had been brought to recover the land in question, the possession and payment of taxes of appellant, under his deed, which was color of title, would, doubtless, have been a bar to a recovery, under the Limitation Act of 1839, as against John R. Graham, as he had failed to institute suit within three years after he was of age. While there is no fixed time in a court of equity within which a complainant will be barred or cut off on the ground of *laches*, yet courts of equity, by analogy, often adopt and follow the limitation provided by law, as was held in *Manning* v. *Warren*, 17 Ill. 267. Where courts of equity have concurrent jurisdiction with courts of law, and the party proceeds in equity, if barred at law he will also be barred in equity. And although the Statute of Limitations may not, in terms, apply to courts of equity, yet, by analogy, equity will act upon the statute, and

refuse the relief where the bar is complete at law. It was not necessary for the defendant to set up in his answer the *laches* of complainants, as they, in the bill, undertook to account for the delay in bringing the suit. We perceive no ground, therefore, upon which John R. Graham can obtain relief. He is barred at law, and the limitation at law must conclude him in equity.

As to complainant James W. Graham, he is not, however, barred by the Statute of Limitations or concluded by *laches*, as he filed the bill before the expiration of three years after he was of age. He is, therefore, entitled to have the administrator's sale set aside as to his interest in the land, but the relief should only be decreed upon equitable terms.

The decree of the circuit court will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*

Mr. Justice Scholfield, having been of counsel in this case at the time of the filing of the bill, took no part in its decision.