102   617
36a  119

SAMUEL P. PARMLY

*v.*

WILLIAM WALKER *et al.*

*Filed at Ottawa May 12, 1882.*

1.  SALE UNDER DEED OF TRUST—*sufficiency of notice—as to date.* A sale of real estate under a deed of trust will not be set aside on the ground that in the notice of the sale no year is named in which the sale is to be made, when the newspaper containing the notice bears the proper date of its issue. The date of the paper will fix the year of the sale with sufficient certainty.

2.  SAME—*sale before maturity of debt as originally fixed in the contract—on default in payment of interest.* Where a deed of trust securing a debt, due in five years, provides, that upon default in the payment of interest the principal debt shall, upon the election of the holder of the note, become due, a sale made upon a failure to pay interest for the whole debt before the expiration of the original term of credit, will not be set aside.

3.  SAME—*inadequacy of price.* The fact that city property was, four years before a sale under a deed of trust, taken as security for $10,000, and three years after the sale sold for $18,200, is not evidence of inadequacy of price in a sale of the premises for about $6000.

4.  SAME—*misdescription of property in trustee's deed—correction by trustee.* A misdescription of the property sold, in a trustee's deed, will not affect the validity of the sale fairly and properly made, and the trustee may correct the mistake by making another deed to the purchaser.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. E. S. WILLIAMS, for the appellant:

The property was sold at an inadequate price. There was no proper legal notice of the sale. The notice was without date, and specified no year in which the sale should take place. It was not enough that there should have been a possibility of ascertaining when the sale was to be. The notice should have been such that any prudent purchaser could have been satisfied he was acquiring a good title. This defect may have kept persons from bidding.

These sales will be set aside upon the slightest proof of fraud or unfair conduct, or a departure from the power. *Longwith et al.* v. *Butler,* 3 Gilm. 44; *Bloom* v. *Kensellen et al.* 15 Ill. 507.

Any error in the announcement of the sale which would naturally mislead the public, or deter persons from attending the sale, and bidding, will invalidate the sale. 2 Jones on Mortgages, sec. 1852.

The trustee making the sale employed an agent to buy for the purchaser. This double relation of seller and purchaser the law will not permit. *Ex parte Bennett,* 10 Vesey, 383; 2 Perry on Trusts, (2d ed.) sec. 602, pp. 165, 166, 173; *Dyer* v. *Shurtliff,* 112 Mass. 165; *DeCaters* v. *DeChaumont,* 3 Paige, 178; *Building Association* v. *Caldwell,* 25 Md. 420; *Chambers* v. *State,* 3 Humph. 241; *McLeod* v. *McCall,* 3 Johns. 87.

Mr. HENRY BURRY, and Messrs. WASHBURNE & ROBBINS, for the appellees:

The notice, taken in connection with the paper, was sufficient to inform the public when the sale would be made. Any omission not calculated to mislead is immaterial. Jones on Mortgages, sec. 1854.

A person reading this notice, with a view to being present at the sale, could not be misled by this omission; and the notice is sufficient, as has been decided in the following cases:

*Waite* v. *Dennison,* 51 Ill. 321; *Finch* v. *Link,* 46 id. 16,9; *Goudy* v. *Hall,* 36 id. 316; *Moore* v. *Neil,* 39 id. 261; *Gray* v. *Howard,* 14 Mo. 345.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

On the 8th day of July, 1874, Helen G. and Paul Cornell executed a trust deed to Van H. Higgins, trustee, on certain property in Hyde Park, Cook county, to secure the payment of a note of $10,000, due in five years, with ten per cent interest, payable semi-annually. The deed of trust contained a provision that upon default in the payment of interest the principal debt should, upon the election of the creditor, become due. The Cornells having failed to pay two install- ments of interest, the trustee, in the month of July, 1878, gave notice, by publication in the "Daily News," a newspaper published in Chicago, that he would, on "Wednesday, 28th of August, at 11 o'clock in the forenoon, sell" the property. At the sale the property was bid off by William Walker, for the benefit of Caroline Walker, who owned the notes and trust deed. On the 29th day of July, 1881, the Cornells, by deed of that date, conveyed the property to appellant, who brought this bill to set aside the trustee's sale, and to redeem.

It is contended, first, that the property was sold for an inadequate price. This position is not predicated upon the testimony of witnesses who knew the value of the property at the time it was sold, as none were called by complainant to testify upon that point, but it is said the fact that Higgins loaned Cornell $10,000 on the property in 1874, and as agent of Mrs. Walker sold the property in June, 1881, for $18,200, is proof sufficient to establish the fact that $5965 was not a fair cash value in 1878, when the sale occurred. It does not follow from the fact that the property may have been good security for $10,000 in 1874, that it would be worth more than $6000 in 1878. The value of real estate, especially in a city, is constantly fluctuating. It might,

and probably did, during these four years decrease one-half. Again, during the three years following the sale it may have, and doubtless did, largely increase in value. At all events, we do not regard the facts relied upon sufficient to overcome the evidence of Mr. Higgins, who testified that the price paid at the trustee's sale was the fair value of the property at that time.

It is next urged that the notice of sale was insufficient, as it was not dated, and specified no year in which the sale should occur. The facts in regard to the notice were admitted on the trial, and were substantially the following: It was admitted by the parties that a notice of the sale by defendant Higgins, as trustee of the property mentioned in the trust deed set up in the bill of complaint, was published in twenty-eight successive editions of the "Daily News," a newspaper published in the city of Chicago, and of general circulation in Chicago and vicinity, the date of the first paper containing the notice being July 22, 1878, and the last, August 22, 1878, there being no Sunday issue of the paper; that the notice had no date affixed to it, and the time fixed for the sale was "on Wednesday, 28th of August, at 11 o'clock in the forenoon." It did not specify the year in which said sale was to take place, but that each paper containing the notice bore date the day of its issue.

The object of a notice is mainly to apprise the public when and where the sale will occur, in order that all who desire may be present and participate in the sale. (Jones on Mortgages, sec. 1854.) It will be observed that the notice was published in the daily paper issued each day, beginning July 22, 1878, and ending August 22, 1878, and announced that the sale would take place "on Wednesday, 28th of August." What would a reasonable person, in the exercise of his ordinary faculties, reading this notice, conclude? Not that the sale would occur in 1877 or 1879, but that it would take place in 1878. We think any person reading the notice

and looking at the date of the paper would be fully advised that the sale would occur on the 28th day of August, 1878. This view is fully sustained by the former decisions of this court, where the validity of similar notices came before the court for consideration. *Finch* v. *Sink*, 46 Ill. 169; *Waite* v. *Dennison*, 51 id. 319; *Goudy* v. *Hall*, 36 id. 316.

The next objection urged against the sale is, that Higgins, the trustee, was both seller and purchaser. There is no evidence in the record to sustain this position. Higgins, the trustee, sold the property at public vendue. It was bid off by a person who attended the sale as an agent for the Walkers. So far as the evidence shows, the trustee had nothing to do with the purchase of the property. He made the sale under the power contained in the deed of trust, and Walker became the purchaser, as he had the right to do, in satisfaction of a portion of the debt held by his wife. The sale was public, and all had an opportunity to bid who saw proper, and so far as the trustee is concerned, there is nothing to show that he acted improperly or with partiality.

It is said the sale was made before the principal debt became due. This is a misapprehension of the deed of trust. By its terms, if the interest was not paid at maturity, the holder of the indebtedness had the right to declare the whole debt due, and compel a sale of the property. This election was properly exercised.

It is also urged that there was a misdescription of the property in the deed made by the trustee. Suppose there was, that did not affect the validity of the sale. If the trustee made any mistake in the deed he made to the purchaser, he had the right to correct the mistake by making another deed.

Perceiving no error in the record, the decree of the circuit court dismissing the bill will be affirmed.

*Decree affirmed.*