The United Brethren Church of Moline

*v.*

The First Methodist Episcopal Church of Moline *et al.*

*Filed at Ottawa October 31, 1891.*

1.  Conveyance—*deed construed—as to who shall take the legal title.* A deed to "A, B and C, trustees of the United Brethren Church, and their successors in office, of the city of Moline," as parties of the second part, conveying a lot to the said party of the second part and their "successors in office and assigns," to have and to hold the same to said second party "and their successors and assigns, forever," with covenants to the second party and their "successors in office and assigns," is not a conveyance to the corporation, but to the individuals named as trustees. Such deed does not convey the lot to the grantees in trust for or to the use of the church, and does not even convey it to them as trustees.

2.  Same—*section 3 of act relating to, construed—feoffment to A for use of B.* Section 3 of chapter 24, relating to conveyances, applies only to express trusts, and not to implied or constructive trusts, or trusts created by operation of law. Under this statute a deed in the form of a bargain and sale must be regarded as having the force and effect of a feoffment; and under the Statute of Uses a feoffment to A, for the use of or in trust for B, will pass the legal title to B.

3.  So a deed to "A, B and C, trustees of a church, and their successors in office," conveying to them a lot, to have and to hold the same to them and their successors in office and assigns, forever, creates no express trust, and the Statute of Uses will not pass the title to the church.

4.  Ejectment—*plaintiff must show title.* In ejectment, unless the plaintiff can show a legal title in himself, he can not recover.

Appeal from the Circuit Court of Rock Island county; the Hon. Arthur A. Smith, Judge, presiding.

Mr. Marion E. Sweeney, and Mr. Ira O. Wilkinson, for the appellant:

The deed from Morphy and wife is in the common form, conveys the premises to the grantees as trustees of the appellant, and imposes no duties on the trustees, and by its legal effect and the operation of the statute vests the legal title of

the grantor, Morphy, in the United Brethren Church of Moline, the appellant herein. Rev. Stat. chap. 32, sec. 3 ; *Witham* v. *Brooner,* 63 Ill. 344 ; *Kirkland* v. *Cox,* 94 id. 400 ; *Vinson* v. *Vinson,* 4 Bradw. 138.

Messrs. Searle & Searle, and Mr. William Jackson, for the appellees :

It is incumbent on appellant to make out a *prima facie* case. *Patterson* v. *Johnson,* 113 Ill. 570.

The deed from Morphy vests no title in the appellant corporation, but in the persons named, the addition of the words "trustees," etc., being merely *descriptio personæ,*—descriptive of the persons named as grantees. *Den* v. *Hay,* 1 Zabr. 174 ; *Brown* v. *Combs,* 5 Dutch. 36 ; *Tower* v. *Hale,* 46 Barb. 461 ; *Chadsey* v. *McCreery,* 27 Ill. 253 ; *Norton* v. *Leonard,* 12 Pick. 158 ; *Clark* v. *Courtney,* 5 Pet. 319 ; *Newhall* v. *Wheeler,* 7 Mass. 189 ; *Fox* v. *Frith,* 10 M. & W. 136 ; 3 Washburn on Real Prop. 237 ; Story on Agency, 151.

It is undoubtedly true that the statute executes bare or naked express trusts ; and it is equally true, both on principle and authority, that such trusts are the only kind it does execute. It would be obviously contrary to public policy, as well as in direct contravention of the Statute of Frauds, to permit the "Statute of Uses to execute implied, resulting or constructive trusts,"—in other words, secret trusts. 2 Washburn on Real Prop. 437, and cases cited ; Tiedeman on Real Prop. sec. 479, and cases cited.

Mr. Chief Justice Magruder delivered the opinion of the Court :

This is an action of ejectment begun on November 30, 1889, in the Circuit Court of Rock Island County by the "United Brethren Church of Moline," a corporation, against the First Methodist Episcopal Church of Moline, a corporation, and nine persons as trustees of said Church, to recover the pos-

session of Lot 6 in Block 4 in South Moline, as said lot is known and designated upon the recorded plat of South Moline. The pleas were not guilty and *nul tiel corporation.* The verdict and judgment below were for the defendants.

Upon the trial the plaintiff introduced in evidence an affidavit of incorporation, as prescribed by section 35 of chapter 32 of the Revised Statutes in relation to the organization of religious corporations, in which one Carr swears that, at a meeting of the members of the United Brethren Church of Moline held at their meeting house in the city of Moline on March 13, 1873, for that purpose, three persons (naming them) were elected trustees of said Church according to the usage thereof, and said Church adopted as its corporate name, "United Brethren Church of Moline," and that, at said meeting, the affiant, Carr, acted as Secretary, which affidavit was sworn to before a notary on March 17, 1873, and recorded on March 19, 1873.

The plaintiff further introduced in evidence a warrantee deed dated April 10, 1882, executed by James Morphy and wife, as party of the first part, to "Josiah G. Heck, Adam Fries and Stanward D. Wendell, trustees of the United Brethren Church and their successors in office, of the city of Moline," as party of the second part, conveying said lot to said party of the second part, and their "successors in office and assigns," to have and to hold the same to said second party, "and their successors and assigns forever." The covenants in the deed are with the second party and their "successors in office and assigns."

Appellant claims, that the title to the lot was vested in it by the deed from Morphy. But the plaintiff in this suit is the "United Brethren Church of Moline," a corporation. The deed from Morphy was not made to the corporation, but to Heck, Fries and Wendell, trustees of the corporation. The latter held the legal title, and the suit should have been brought

`in their names, and not in the name of the corporation. (*Den v. Hay*, 1 Zabriskie, (N. J. L.) 174; *Chadsey* v. *McCreery*, 27 Ill. 253.)

That the deed from Morphy put the legal title in the trustees named therein as grantees, and not in the corporation, does not seem to be denied by appellant, but it is claimed that such grantees held the property in trust for the Church, or for the use of the Church, and that, under section 3 of the Conveyance Act, the trust was executed by the Statute of Uses, so as to vest the fee at once in the Church, as the *cestui que use.* (*Witham* v. *Brooner*, 63 Ill. 344.) But the Statute of Uses applies only to express trusts, and not to implied or constructive trusts, or trusts created by operation of law. (Tiedeman on Real Prop. sec. 497.) In *Witham* v. *Brooner, supra,* we said: "Under this statute a deed in the form of a bargain and sale must be regarded as having the force and effect of a feoffment; and, under the Statute of Uses, a feoffment to A for the use of, or in trust for B, would pass the legal title to B." But in the case at bar there is no express trust created. The deed made by Morphy does not convey the lot to the grantees in trust for, or to the use of, the Church; it does not even convey it to them *as* trustees.

Inasmuch as the plaintiff below did not show the legal title to be in itself, it was not entitled to recover, and the judgment was properly rendered for the defendants. It is unnecessary to consider any other errors.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*