(No. 31316.
GEORGE J. ZIMMERMAN, Appellant, *vs.* WILLIAM T. KENNEDY, Appellee.

*Opinion filed January 18, 1950—Rehearing denied March 20, 1950.*

HERMAN W. SNOW, and JOHN H. BECKERS, both of Kankakee, for appellant.

BUTZ, BLANKE & STITH, and DYER & DYER, both of Kankakee, (FRED R. STITH, JR., and WAYNE P. DYER, of counsel,) for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

The appellant, George J. Zimmerman, brought an action of ejectment in the circuit court of Kankakee County against appellee, William T. Kennedy, to recover possession of certain vacant lots of land situated in the village of Bradley. A trial was had before the court without a jury which resulted in a judgment finding the defendant not

guilty. The appellant, plaintiff in the court below, has perfected an appeal to this court, a freehold being involved.

October 1, 1948, appellant filed his complaint in ejectment setting out that he was possessed of the premises in question on August 20, 1947, and that he claimed title in fee simple; that the defendant thereafter entered the premises and unlawfully withheld the possession thereof from appellant; that appellee claims under a tax deed and that appellant is ready to pay the taxes, costs and expenses due appellee on account of the delinquency in payment of taxes. Appellee's answer denied the possession and title of appellant, denied that appellee unlawfully withheld the possession from him, and asserted that appellee had title by virtue of a tax deed issued on November 2, 1944, to one R. Anderson who thereafter entered into possession of the premises, and conveyed the premises to appellee by a quitclaim deed dated August 20, 1947. Appellant's reply to the answer alleged that the tax deed under which appellee claimed was null and void and that appellee, therefore, acquired no title by the quitclaim deed from R. Anderson.

Harry L. Topping was called as a witness for appellant. This witness testified that he conducted negotiations to purchase the premises from Edward Phillip Joyce, as the agent of appellant, but that he was also the silent owner of the premises. On cross-examination he further testified that he paid the consideration for the premises, had the title conveyed to appellant, and that appellant claims no interest in the property except as the holder of the legal title. Appellee contends that the effect of this testimony was to show that a resulting trust existed in favor of the witness, Topping, and that appellant had no legal title upon which he could base an action in ejectment; that the evidence did not show any active duties to be performed by Zimmerman as trustee for Topping and that, therefore, a dry or passive trust existed; that where a person takes title as trustee to property in which he has no beneficial interest,

and with respect to which he has no duties to perform, so that he simply stands seized of the land to the use of another person, the Statute of Uses operates to vest the legal title in the beneficial owner. Appellee then concludes that the legal title to the premises is vested in the witness, Topping, so that appellant, Zimmerman, cannot maintain an action of ejectment.

This is a suit in ejectment. In such proceedings only the legal title is involved. (*Walton* v. *Malcolm*, 264 Ill. 389.) And it is not competent in such an action to show who paid the purchase money for the conveyance of the premises for the purpose of establishing a trust. (*Randolph* v. *Hinck*, 288 Ill. 99.) Proof to establish a trust in a suit in ejectment cannot be gone into to any greater extent than the deed itself may disclose and it is wholly immaterial who paid the consideration money for the conveyance of the land. (*Chiniquy* v. *Catholic Bishop of Chicago*, 41 Ill. 148.) The nature of the trust is to be determined by the terms of the instrument creating it and by them alone. *Crow* v. *Crow*, 348 Ill. 241.

Recourse to the deed now under consideration reveals that the premises were conveyed to appellant, Zimmerman, by a quitclaim deed in the usual form provided by statute. The deed did not convey title to Zimmerman as trustee, and does not attempt to create a trust in any form. Appellee's contention that the legal title to the lots vested in Topping by operation of section 3 of the Conveyances Act (Ill. Rev. Stat. 1947, chap. 30. par. 3,) cannot prevail because the Statute of Uses applies only to express trusts, and not to implied or constructive trusts, or trusts created by operation of law. *United Brethren Church* v. *First Methodist Episcopal Church*, 138 Ill. 608.

The testimony of the witness, Topping, is to the effect that he negotiated for the purchase of the lots, paid the purchase price with his own money, and had the title conveyed to appellant by an ordinary statutory form of quit-

claim deed. The purpose of such an arrangement does not appear in the evidence, although Topping claims to be the real owner. At most the evidence tends to show a resulting trust in favor of Topping, which he might assert in a court of equity. Such a trust arises by operation of law from the acts of the parties and is not based on contract. (*Cook v. Blazis,* 365 Ill. 625.) It has already been noted that the Statute of Uses applies only to express trusts, and not to trusts created by operation of law. The deed to appellant vested him with the legal title, and, being so vested, he was entitled to maintain an action of ejectment against persons charged to be in wrongful possession of the premises to which he claims title.

Appellee contends that appellant has not shown he was ever in possession of the lots in question, has not connected himself with any prior grantor who had possession of them, and has not shown a connected chain of title from the government to himself. A plaintiff in ejectment must deraign title from the government where there is no proof of a common source of title nor of possession by the plaintiff of the land in controversy in himself nor in any prior grantor with whom he connects himself. *Krause v. Nolte,* 217 Ill. 298.

Appellant filed an affidavit as provided in section 25 of the Ejectment Act, that he and appellee were claiming title through a common source from Edward Phillip Joyce. Appellee filed a counteraffidavit in which he claimed title from and through Hector J. Le Beau, County Clerk of Kankakee County. The effect of the denial by appellee of the common source of title was simply to neutralize the affidavit and required appellant to make such proof as would have been required had no affidavit of common source of title been filed. (*Whitham v. Ellsworth,* 259 Ill. 243.) In such case it was incumbent on appellant to prove title in himself as at common law. This he could do by showing title deraigned from the government, or by prov-

ing that he and appellee did claim through a common source and that his was the better title. *Village of North Chillicothe* v. *Burr,* 185 Ill. 322; *Bradley* v. *Lightcap,* 201 Ill. 511; *Smith* v. *Laatsch,* 114 Ill. 271.

The record of the proceedings upon which the tax deed from the county clerk was based was introduced in evidence. From this record it appears that in 1942, at the time the judgment for delinquent taxes of 1941 was entered, the taxes against the premises were being assessed in the name of Edmund M. Joyce. The affidavits and notices filed prior to the issuance of the deed were directed to Edmund M. Joyce, J. E. Joyce, and Unknown Owners. It was stipulated by the parties that on January 19, 1899, a clear and unencumbered title to the property in controversy was held by Edmund M. Joyce; that a petition to sell real estate to pay debts was filed in the estate of said Edmund M. Joyce, deceased, on June 18, 1917; that thereafter an administrator's deed was issued to J. E. Joyce on December 22, 1917, purporting to convey the premises in questions; that in the proceedings to sell real estate to pay debts, Mary Isabelle Sullivan and James Edmund Joyce, two of the heirs-at-law of Edmund M. Joyce, deceased, were personally and regularly served with summons; that proceedings in the estate of James E. Joyce, deceased, filed March 26, 1941, were sufficient to pass title to whatever interest James E. Joyce had in the premises to Edward Phillip Joyce, who was the grantor of appellant.

A further stipulation was to the effect that the affidavit of nonresidence, publication notice, affidavit of mailing notice, and decree ordering sale of real estate in the estate of Edmund M. Joyce, deceased, might be received in evidence without objection. It would appear, therefore, that appellee's claim of title under the tax deed from the county clerk did go back, through the proceedings to sell the premises to pay delinquent taxes, to the same common source as the title claimed by appellant.

The question remains as to whether appellant has proved that his is the better title. It will be remembered that the parties stipulated that Edmund M. Joyce was the owner of a clear and unencumbered title. Appellant contends that his title connects with the title of Edmund M. Joyce, while appellee contends that appellant has not proved a connected chain of title because the publication notice in the proceedings to sell real estate to pay debts, in the estate of Edmund M. Joyce, deceased, was defective in that it failed to describe the land sought to be sold.

The decree of sale in that proceeding was entered at the August term, 1917, of the county court. It contained a recital, "that due notice of the pendency of this proceeding has been given by publication to the defendants, Agnes Lydia Joyce, Walter M. Joyce, and Leo E. Joyce, for at least five weeks successively, in accordance with the statute in such cases made and provided, by notice in *The Havana Republican,* a weekly public newspaper, printed and published in the said county of Mason for a period of more than six months prior to the 22nd day of June, A.D. 1917, the date of the first publication of said notice."

The decree also contained recitals that copies of the notice were mailed to said nonresident defendants, by the clerk of the court, addressed to their respective places of residence as set forth in the affidavit of nonresidence. In a collateral proceeding, such as this, a defective publisher's certificate found in the files will not defeat a finding in the decree that due notice had been given by publication, because the court's finding may be based on other evidence as to the legal sufficiency of the notice. *Spring Creek Drainage Dist.* v. *Highway Comrs.* 238 Ill. 521; *Sloan* v. *Graham,* 85 Ill. 26.

The proceedings questioned took place more than thirty years prior to the suit in which they are attacked. The presumption should be induged, after such a lapse of time without objection being made, where the county court ad-

mittedly was acting within its jurisdiction, that all persons concerned had due notice of the proceedings. (*Nickrans* v. *Wilk,* 161 Ill. 76.) Other objections to the proceeding to sell real estate appear to have been raised by appellee for the first time on appeal and for that reason cannot be considered.

Appellee claims title by virtue of the tax deed issued November 2, 1944, to R. Anderson, based on a judgment and sale for delinquent taxes for the year 1941. On August 20, 1947, R. Anderson executed a quitclaim deed conveying the premises to appellee. To sustain his claim of title appellee offered the tax deed in evidence, together with the proceedings leading up to its issuance. Objections to the deed were made on the ground that the proceedings failed to show a certificate or precept of the county clerk which constitutes the process on which real estate shall be sold for taxes. The precept is required by section 239 of the Revenue Act of 1939. Ill. Rev. Stat. 1947, chap. 120, par. 720.

The county clerk testified that he was unable to find in the records in his office any trace that such precept had been entered as required by statute. This court has held that a *prima facie* case in ejectment established by possession under a deed or claim of ownership was not overcome by a tax deed without proof that proceedings anterior to the execution of the tax deed, *viz.,* judgment, precept notice, etc., had been had as required by statute. In the absence of a showing that the precept had been entered as provided by statute, the tax deed in this case would not defeat the title of appellant based on a connected title from the same common source. *Glanz* v. *Ziabek,* 233 Ill. 22; *Murch* v. *Epley,* 385 Ill. 138; *Kepley* v. *Scully,* 185 Ill. 52; *Anderson* v. *McCormick,* 129 Ill. 308.

The appellant has successfully maintained the burden of proving that he has better title. However, there was evidence that appellee had expended certain moneys on

account of back taxes, penalties, and costs in connection with the purchase of the property for delinquent taxes. This amount appears in evidence as $90.69. In his complaint, appellant offered to pay said sum to reimburse appellee or his predecessors in title for all taxes and legal costs and expenses incurred in procuring the tax deed under which appellee claimed title. We are of the opinion that appellant should pay such sums, including interest at the legal rate, before he would be entitled to a clear title to the property. *Mather* v. *Parkhurst,* 302 Ill. 236.

For the above reasons, the judgment of the circuit court of Kankakee County is reversed and the cause remanded, with directions to enter a judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*