(No. 32138.—

ROSA M. THOMPSON, Appellee, *vs.* CHARLES ARCHIE THOMPSON *et al.,* Appellants.

*Opinion filed January 24, 1952.*

C. E. Tate, of Champaign, for appellants.

William C. Noel, and Joseph M. Williamson, both of Urbana, for appellee.

Mr. Justice Fulton delivered the opinion of the court:

The defendants, Charles Archie Thompson and Maxine Thompson, husband and wife, prosecute this appeal from a judgment in ejectment by the circuit court of Champaign County, entered on a motion for summary judgment. The plaintiff, Rosa M. Thompson, is the mother of the defendant Charles Archie Thompson.

The complaint filed on November 24, 1950, alleged that the plaintiff was the owner of the fee title to the premises in controversy; that she inherited the property from her husband on April 6, 1950; that the defendants wrongfully entered into possession on the date of her husband's death, namely, April 6, 1950; that, at the time of the commencement of the suit, the defendants unlawfully withheld possession thereof.

The defendants filed an answer to the complaint in ejectment denying all of the material allegations thereof.

On January 29, 1950, the plaintiff filed a motion for summary judgment, attaching thereto her personal affidavit setting forth the death of her husband, Joseph L. Thompson on April 6, 1950; that at the time of his death, her husband was the owner of a parcel of real estate in Urbana,

Illinois, which included the premises in controversy; that by virtue of her husband's decease, and under the terms of his last will and testament, she became seized in fee-simple title, by mesne conveyances from the United States Government, to all of said real estate and now claims full title and the right of possession to the same; that while so possessed, the defendants, on April 6, 1950, entered into and upon the said premises and now unlawfully withhold possession of the same. She prayed for judgment and for a writ of assistance against the defendants.

The defendants filed an affidavit and an amended answer in opposition to the motion and affidavit for summary judgment, setting forth verbatim a letter from defendant Thompson's father, which reads as follows:

"Urb Ill Sep. 3—40

Dear Archie

"I have been thinking of building a small shack to rent on the back end of my home lot. If you get out of work and come back here we can build it this win. . . You can have it rent free and call it your own if you want to because my years of usefulness are soon going to be over and if you lived there you could take over my work and get paid for it. As far as Rex coming here and going to school this winter it is all right with me but Mother is the one who will have the extra work as long as she is well that will be all right but she will *not* be well all winter.

"I think you all will be just as well of—in Urb as Chi. There is just as many jobs here as there are there in proportion to the population.

"Let me hear from you soon.

J. L. Thompson."

The joint affidavit of the defendants further stated that shortly after the receipt of said letter they moved to the city of Urbana; that he was a carpenter skilled in the business of building and repairing structures; that they moved into the small three-room house in the rear of the father's lot, and lived there for more than six years; that they never paid any rent for the use of same; that the son built an additional room upon the house; made lasting and

valuable improvements thereon, and treated the property as their own. The affidavit contained a long detailed list of improvements made upon the premises by defendant Thompson and services performed in behalf of his father pursuant to an alleged oral agreement, and asserted they were the rightful owners of the premises, or that they have a right to live in the same so long as they desire.

On hearing, the court took the case under advisement and later found in favor of the plaintiff's motion for summary judgment.

The defendants challenge the correctness of the judgment order. It is their contention that an issue of fact was presented by their answer and affidavit filed in opposition to the motion for summary judgment. Defendants rely primarily upon the letter written by Joseph L. Thompson to his son, Charles Archie Thompson, written about ten years before the father's death. It is also insisted that they have an equitable right to retain the premises, which question, together with issues of fact, should have been tried by the court and a jury.

The action of ejectment involves the title to land and requires, under different conditions, different kinds of proof. (*Dagit v. Childerson,* 391 Ill. 611.) In urging that under the Ejectment Act, as amended in 1935, a defendant can plead equitable defenses, the defendants rely upon the doctrine announced in *Horner v. Jamieson,* 394 Ill. 222. In that case we stated that the provisions of sections 10 and 19 of the Ejectment Act as amended in 1935, permit a ·defendant to plead equitable defenses to an ejectment action to the same extent that he might plead such defenses to other civil actions under the Civil Practice Act. It was also held that the denial of the right to formulate an issue of fact for trial by jury on the equitable defense was not error. In other late cases this court has definitely stated that in ejectment the legal title, only, is involved and courts have no jurisdiction to adjust equities, or to grant equitable

relief. *Schafer* v. *Robillard,* 370 Ill. 92; *Zimmerman* v. *Kennedy,* 405 Ill. 306, at 309, and *Miller* v. *Frederick's Brewing Co.* 405 Ill. 591, at 596.

Without attempting to harmonize these decisions, we feel that the affidavit of defendants filed in opposition to the application for summary judgment fails to set forth any facts tending to establish a meritorious defense. Had the defendants been in possession under a written lease or some recognized muniment of title, the argument advanced would be more convincing. The letter referred to in their affidavit does not contain any promise to convey or confer upon them any title or interest in the disputed premises, other than the right to move in and occupy the house, which right would be subject to the will of the father. When he died, the title was transferred by operation of law to the plaintiff, and the right of occupancy on the part of the defendants was terminated.

The affidavit of the defendants setting forth that they are claiming an interest in the premises in dispute, and that they are entitled to possession fails to present facts which support such position. Their claim of right to possession and other interests in the real estate stem entirely from the letter written by the father or from conversations with him during his lifetime, and because of permanent improvements voluntarily made upon the premises for their own convenience.

From a close investigation of these claims, we do not find any legal or binding contract for a conveyance of the land but merely a license to freely use the premises as between the father and the son, which right of possession was terminated upon the death of the licensor. In *Maton Bros., Inc.* v. *Central Illinois Public Service Co.* 356 Ill. 584, it was definitely stated, at page 591, "It is fundamental that any parol leave or license terminates on the transfer of the title or upon the death of the licensor." Further, the defendants would be barred from testifying to many

of the facts stated in their affidavit under section 2 of the Evidence Act, because the action here is brought by a plaintiff who is suing as the devisee of a deceased person.

The affidavit of the plaintiff in support of the summary judgment was in all respects sufficient, and the defendants have wholly failed to present any proper issue of fact to be determined by a jury, or any valid defense to the claim of the plaintiff.

The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*