# LEANDER SMITH

## *v.*

# GEORGE A. CRAWFORD.

1. DESCRIPTION IN DEED — *sufficiency.* Any description adopted in a deed by which the identity of the premises intended to be conveyed may be established, is sufficient.

2. SAME—*extrinsic evidence to identify premises described.* For the purpose of sustaining a grant, extrinsic evidence may be used to identify and establish the object of the call in the deed, and the grant will only be held void for uncertainty, where, after resort to oral proof, it still remains a matter of conjecture what was intended by the instrument.

3. SAME — *by reference in deed of conveyance to another deed.* A deed which describes the premises intended to be conveyed as the same premises conveyed by a certain other deed, giving names of the parties and date of deed, and date and place where recorded, is sufficient if, by reference to such other deed, a certain description can be obtained.

4. SAME—*number of acres less than whole tract, if not located—effect of.* If the owner of a tract of land conveys a number of acres, less than the whole, without designating their locality, the grantee acquires an interest in the whole tract, as a tenant in common, in the proportion which the number of acres conveyed bears to the whole tract.

5. PARTITION—*when interchange of deed necessary.* Although power is given to courts of chancery, by statute, to confirm title in the parties in cases of partition, without the interchange of deeds, they are not compelled to do so, and if a court of chancery, instead of exercising this statutory power, proceeds according to the old chancery practice, the title will not vest in the parties, except by interchange of deeds in compliance with the decree.

6. SAME—*levy on interest of a party pending suit.* Where a decree in a partition suit requires an interchange of deeds, a levy on the interest of one of the parties, made after decree, but before a compliance therewith by interchange of deeds, is good to pass the interest of such party, and the purchaser at a sale under such levy will be entitled to the specific part set off to such party by the decree of partition.

APPEAL from the Circuit Court of Cook county; the Hon. WM. W. FARWELL, Judge, presiding.

Messrs. SLEEPER & WHITON, for the appellant.

Messrs. WILLIAMS & THOMPSON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the first argument of this case, we were of opinion that the description of the property in the deed, etc., through which appellant claims, was so indefinite and uncertain that no title was thereby conveyed, and upon that ground affirmed the decree below. On reconsideration, however, a majority of the court have come to a different conclusion, and are of opinion the description of the property is sufficiently definite and certain, and that the decree below should be reversed.

The certificate of the levy of the attachment describes the property levied upon as "the right, title and interest of said defendant" [that is, George A. Crawford,] "in and to that piece or parcel of land known as an undivided ten acres of land in the E. ½ of section 2, township 39, range 13 E. of 3d P. M. in Cook county, Illinois, being the same premises referred to in a deed from Isaac Cook and wife to George A. Crawford and Allison White, dated June 24, 1856, and recorded in Vol. 117 of Deeds, page 549."

The same description obtains in the indorsement of the special execution, the certificate of sale, and sheriff's deed to appellant. The deed from Cook and wife, referred to in the description, conveys to George A. Crawford and Allison White, "an undivided ten acres of land in the east half of section 2, township 39, range 13, etc., in Cook county." This is equivalent to a grant of an interest in the entire tract, equal to the proportion which ten acres bear to the number of acres in the entire tract.

It is said, in Freeman on Co-tenancy, § 96, "If the owner of a tract convey a number of acres, less than the whole, without any designation of their locality, the grantee thereby acquires an interest in the whole tract, as tenant in common with the grantor. The interest of the grantee is in the proportion which the number of acres conveyed to him bears to the whole number, and entitles him to all the rights and remedies incident to a tenancy in common." This is sustained by the following, among other decided cases: *Jackson* v. *Liv-*

*ingston*, 7 Wendell, 136; *Corbin* v. *Jackson*, 14 id. 619; *Gibbs* v. *Swift*, 12 Cush. 393; *Jewett* v. *Foster*, 14 Gray, 495; *Canning and Wife* v. *Pinkham and others*, 1 N. H. 353; *Ring* v. *Ashworth*, 3 Iowa, 452; *Schenck et al.* v. *Evoy et al.* 24 Cal. 104.

The only case in this court claimed to be directly opposed to this construction, is *Laflin* v. *Herrington*, 16 Ill. 302, but, by reference to the separate opinion of Caton, J., at p. 305, and the dissenting opinion of Scates, C. J., at p. 572, it is evident that the portion of the opinion of Skinner, J., relied on, expresses only his own views, and can not be regarded as the opinion of the court. The cases decided in this court since that time, in which descriptions have been held insufficient, are all readily distinguishable from the present. In none of them has it been held that the conveyance of a definite number of acres, undivided, in a larger tract, does not convey an interest in the whole, in proportion as is the number of acres conveyed to the number of acres in the whole tract.

It appears that, before the attachment was levied, there had been a partition of the 320 acres, and the interest of Crawford and White had been set off to them by metes and bounds. The partition was in chancery, and the decree required the interchange of deeds between the co-tenants, which had not been executed when the attachment was levied.

The question is, whether the levy on the "undivided interest" is sufficient to bind the interest set apart by the decree of partition.

If the levy was made while the suit was pending, there is no question but it was sufficient, and appellant, by his purchase, although not a party to the record, became a party to the suit. *Loomis* v. *Riley*, 24 Ill. 307; *Manly* v. *Pettee*, 38 id. 128.

We incline to the opinion that the suit here may be regarded as still pending when the levy was made. Power, it is true, is given to courts of chancery, by the statute, to confirm titles in the parties in cases of partition, without the interchange of deeds, but it does not compel them to do so, and if a court of

chancery, instead of exercising the statutory power, proceeds according to the old chancery practice, we think there is nothing in the statute that would vest title in the parties, except the compliance with the decree, by the interchange of deeds.

It would seem that, by requiring deeds to be interchanged, the court must have intended title should thereby pass, and we can hardly think the title did pass by the operation of the decree, when the court did not design the decree should have that effect. But, aside from this, we think the levy was sufficient. It describes Crawford's title with such certainty, that there can be no mistake in following it. The partition gave Crawford no new title; it simply changed its character from that of a tenant in common to an owner in severalty. But he still held under his deed from Cook, and the partition showed the lot set apart to him was because of his rights under that deed.

The rule recognized by this court in recent cases, is, " Any description adopted in a deed by which the premises intended to be conveyed may be established and identified, is sufficient;" and it is also held, that, for the purpose of sustaining a grant, extrinsic evidence may be used to identify and establish the objects of the call in the deed; and that " a devise or grant will only be held void for uncertainty, where, after resort to oral proof, it still remains a matter of mere conjecture what was intended by the instrument." *Colcord* v. *Alexander*, 67 Ill. 581; *Billings* v. *The Kankakee Coal Co.* id. 489.

A mere examination of the records, here, would show the interest conveyed to Crawford by the deed from Cook, and which was levied on by the attachment, is that which was set off to him in severalty by the partition.

The decree is reversed and the cause remanded.

*Decree reversed.*