(No. 14253.—Reversed and remanded.)

JOHN W. HONEY *et al.* Appellants, *vs.* DAVID B. GAMBRIEL, Appellee.

*Opinion filed April 19, 1922.*

1. INJUNCTION—*when complainants cannot maintain bill to restrain interference with fence.* A bill to restrain a defendant from interfering with or tearing down a fence erected by the complainants cannot be maintained unless the complainants prove their right to have the fence maintained in its particular location.

2. DEEDS—*when deed does not reserve an undivided interest.* A provision in a deed to forty acres of land reserving one-half an acre for cemetery purposes "where the graveyard is now situate" is not a reservation of an undivided interest in the forty-acre tract, even though the graveyard referred to contains only one-thirtieth of an acre, as in such case the graveyard will be taken as the common center in determining the location of the half-acre reserved.

3. SAME—*what does not show that land reserved was dedicated for cemetery purposes.* The fact that a grantor, in making a conveyance of forty acres, reserves one-half an acre "where the graveyard is now situate," which graveyard occupies only one-thirtieth

of an acre, does not show that the half-acre was dedicated to cemetery purposes, even though several persons not members of the grantor's family were buried in the graveyard referred to, and two were buried just outside of the original enclosure with the consent of the grantee after he was in possession of the land.

4. BOUNDARIES—*when court of equity may determine boundary of tract.* Where a deed to forty acres of land reserves one-half an acre "where the graveyard is now situate," and it appears that the graveyard referred to contains less than a half-acre, a court of equity may establish the boundaries of the half-acre by treating the graveyard as the common center, as near as practicable, of such half-acre.

APPEAL from the Circuit Court of Jasper county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

ALBERT E. ISLEY, for appellants.

DAVIDSON & FITHIAN, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellants filed a bill in the circuit court of Jasper county seeking to restrain appellee from interfering with the use of a certain lot therein described as a cemetery lot. The bill also prayed that the boundaries of the lot be fixed by decree and that appellee be required to re-build the fence around the lot as described in the bill.

The deed to appellee conveyed the southeast quarter of the southwest quarter of the section, "except one-half acre where the graveyard is now situate and a passway from the road thereto." It also conveyed the west 10 acres of the southwest quarter of the southeast quarter of the section, the entire tract being described as 49½ acres. This deed was made in 1886 and the appellee went into possession immediately. A highway extends north and south along the west side of the 40-acre tract above described. At the time appellee took this property there was a small

cemetery, enclosed by a fence, near the west line of the 40-acre tract, the west line of which lot was about 60 feet east of the road and its north line a little over twenty-one rods from the north end of the 40-acre tract. The original lot as it was fenced is 41½ feet north and south by 35 feet east and west and contains about one-thirtieth of an acre. Appellants, who are descendants of a deceased grantor of the appellee, claiming the right to one-half of an acre, went upon appellee's land and fenced in a tract commencing at a point on the east side of the highway sixteen rods south of the north end of the 40-acre tract, extending east ten rods, south eight rods, west ten rods and north eight rods to the place of beginning. The half-acre as fenced includes the cemetery lot as originally fenced, the south line of the fence built by appellants coinciding with and being an extension of the south line of the original cemetery lot, so that the original cemetery lot is located approximately half way between the termini of the south line of the half-acre tract as fenced by appellants. Appellee, some time after the building of this fence, tore it down, claiming the land outside of the original cemetery lot by adverse possession. The chancellor dismissed the bill of appellants for want of equity, and the question involved in the case is appellants' right to put the fence erected by them on the lines used. If they were within their rights in so doing they are entitled to the relief prayed. The determination of this question depends largely upon the construction of the reservation made in the deed to the appellee.

Appellants claim that they were within their rights in going onto the premises and erecting the fence on the lines established by them. They also contend that a public cemetery was dedicated in the half-acre reserved in the deed to appellee and that the description is sufficiently certain to enable a court of equity to determine the lines of the proposed half-acre to be devoted to cemetery purposes. Appellee contends that the original lot was a private cemetery;

that there never had been a dedication of one-half of an acre, and that it is impossible to determine from the language of the deed where the half-acre referred to is to be taken out of the land conveyed to him.

It is not disputed that for years the family of the grantor and some other people in the neighborhood have buried their dead in the original lot and that the lot was fenced and had been kept up. The evidence shows that two people were buried just outside the fence surrounding the original cemetery lot, on the west side thereof. All other burials were within the original lot. On the hearing it developed that appellants had built the fence to include the particular half-acre included by them because they considered it more suitable for cemetery purposes. It is not even contended that there is anything in the deed designating the particular lines used by them in building the fence. It is an elemental rule of law that before a court may decree relief the bill praying such relief must set out a right in the complainant thereto. In this case appellants' bill, to entitle them to the injunction prayed, must set out the right to build and maintain the fence erected by them on the particular lines used before injunction will lie. That they may have had a right to any other line is not material in this case. They would not be entitled to an injunction restraining appellee from destroying the fence on the lines used by them merely because they may have had a right to have a fence somewhere else. The language of the deed, "except one-half acre where the graveyard is now situate," does not designate or describe a particular half-acre. The lot used for a cemetery is not a half-acre but one-thirtieth of an acre. The exact location of the half-acre reserved is not disclosed by the language of the deed, but it is designated as "where the graveyard is now situate."

Appellants contend that since the deed does not describe the land reserved it may be taken as an undivided interest in the whole tract conveyed, and cite *Gill* v. *Grand Tower*

*Mining Co.* 92 Ill. 249. In that case the deed conveyed 20 acres out of a quarter and a fractional quarter of a section. There was nothing in the deed to indicate what part of the land referred to was to be conveyed. It was there held that such was a conveyance of an undivided interest in the entire tract. In *Smith* v. *Crawford,* 81 Ill. 296, it was held that where by deed a tract of land is conveyed of a number of acres less than the whole, without designating the locality of the land conveyed, the grantee acquires an undivided interest in the whole tract as a tenant in common, in the proportion which the number of acres included in the conveyance bears to the entire tract referred to. These cases are to be distinguished from the instant case. Here the deed designates the locality in which the half-acre is reserved. That locality is "where the graveyard is now situate." It cannot be said, therefore, that by this deed an undivided interest in the whole 40 acres is reserved. A deed from A to B of a 40-acre tract, reserving one-half acre therein, is a reservation of an undivided interest under the rule laid down in the cases cited by appellants, but where, as here, the deed shows the locality of the tract sought to be reserved such rule does not apply.

Appellants also contend that this case comes within that rule of law which says that courts of equity will enjoin the owner of land from defacing or meddling with graves on his land or from in any way interfering with the use of the land as a cemetery where such land has been dedicated for cemetery purposes, and cite in support of that position *Davidson* v. *Reed,* 111 Ill. 167. This rule is not controverted by appellee but he contends that it is not applicable to the present case, for he asserts (and in this he is borne out by the evidence) that he has done nothing to in any way interfere with or deface the graves or tombstones of those heretofore buried there, but has, on the other hand, taken care of them as he had agreed to do; that he at one time assisted in building a fence around the original ceme-

tery lot and has at all times cared for the graves of those buried in that lot.

Appellee contends that there has been no dedication of the particular half-acre fenced in by the appellants in this case. He admits that he permitted the burial of two persons in a strip ten feet in width along the west side of the original burial lot, and it appears from his testimony that he permitted such strip to become a part of the original cemetery lot. In his examination, when asked whether or not he had added a strip ten feet in width outside the original cemetery lot, he replied: "I didn't add a strip on the outside; I let Adam [Adam Crouse, one of the appellants,] add it; I don't know just how long it was; it ran down pretty near the gate." The strip in which the two burials have taken place on the west side of the west fence of the original lot extends north and south along the original lot. This strip was never fenced in with the rest of the original lot.

The record does not support the contention of appellants that there has been a dedication of this half-acre of ground for cemetery purposes. The deed, in its reservation, does not indicate that such a dedication was intended. The reservation was to the grantor. There is nothing in the deed to indicate that it was for any purpose other than for the benefit of the grantor. While the record shows that others than the Honey family were buried in this lot and that the two buried just outside were not members of that family it does not show that this land has been dedicated for cemetery purposes. There is nothing to show that the particular tract of ground fenced in by appellants was ever dedicated as a cemetery. The case of *Davidson* v. *Reed, supra,* was a bill in equity to enjoin the defacing or meddling with certain graves. While, as held in that case, a cemetery may be dedicated as such by the acts of the owner of land in permitting others to bury their dead on it, it appears in this case that the two burials on the strip outside the original

cemetery lot were after appellee came into possession of the land. He testifies that this was with his consent; others testify that he was notified that such burial would take place but that his consent was not asked. However that may be, such a dedication,—if it were to be so held,—of the strip upon which these two bodies were buried cannot be taken as a dedication of the particular strip of land enclosed within the fence erected by appellants. As we have said, there is no evidence whatever that appellee is interfering with or defacing or in any way desecrating the graves of those buried in this graveyard. There is nothing in the language of the deed, and, so far as is shown in this record, there is nothing in the facts, which gave to appellants the right to go upon appellee's land and lay off this particular half-acre. The reason they gave for running the particular lines and building the fence thereon was that such seemed to be the most suitable tract for a cemetery. The determination of the rights of property cannot be made dependent upon the judgment of individuals as to where it should be or what was best suited for it.

It is urged that the language of the deed, "where the graveyard is now situate," is a sufficient identification of the half-acre reserved to enable a court of equity to determine what half-acre was included in the reservation; that the reference to the graveyard was sufficient to make such graveyard the basis of determining that matter. It has been held that where reference is made in a deed to a certain point, such as certain graves and the like, for the purpose of identifying the location of the land conveyed or reserved, such point is to be taken as the common center of the tract. (*Hodge* v. *Balanton,* 38 Tenn. 560.) It will be seen from what has been said as to the position which the original cemetery lot in this case occupies in the half-acre fenced off by appellants, that there was no attempt on their part to lay off the same with the original lot as a common center but that the original cemetery lot borders on the south

line of the half-acre. It was evidently the intention of the grantor, however, to include the particular graveyard mentioned in the half-acre reserved to himself and his heirs, together with a passageway from the public road. This sufficiently designates the location of the tract reserved to enable a court of equity, under the rule laid down in *Hodge* v. *Balanton, supra,* to fix the boundary of the half-acre tract with the old graveyard as the common center of the tract.

As a part of the relief sought the bill prayed that the lines of the tract reserved be determined. The court should have proceeded to determine those lines, with the old graveyard, as nearly as practicable, the common center of the tract included within such lines.

Appellee also defended on the ground of adverse possession, claiming possession of all the land outside of the original graveyard for over thirty-five years under claim of ownership. This contention cannot be sustained. In permitting the use of ground outside of the original graveyard he gave evidence that his possession was not adverse and that he was not claiming ownership of all land outside the original tract. He has no other claim to the balance of the half-acre tract. The grantor intended to reserve a tract amounting to one-half an acre for burial purposes, and a court of equity will determine the boundaries of such tract where that can be done. We are of the opinion that it can and should be done in this case.

The chancellor was right in denying the injunction sought, but it was error to refuse to determine the lines of the half-acre reserved as prayed in the bill.

The decree is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.          *Reversed and remanded, with directions.*