(No. 20453.—

CARL E. HOLM, Appellant, *vs.* A. J. LYND *et al.* Appellees.

*Opinion filed April 23, 1931.*

EKLUND, ERICKSON & BERTRAM, for appellant.

BARTHELL & RUNDALL, for appellees.

Mr. COMMISSIONER PARTLOW reported this opinion:

On October 29, 1927, appellant, Carl E. Holm, filed his bill in the superior court of Cook county against A. J. Lynd and others for the cancellation, on the grounds of fraud and unenforcibility, of a contract for the sale of two lots in Florida and two notes given under the contract. Lynd filed a cross-bill praying for the specific performance of the contract. The amended bill charged fraud in the procurement of the contract and that the contract provided for the conveyance of lots in an addition that did not exist and the description of said lots is insufficient to form the basis for specific performance. The prayer was for cancellation of the contract. There was a hearing by the chancellor, a decree was entered dismissing the original bill for want of equity and granting specific performance under the cross-bill, and appellant has appealed to this court.

The evidence shows that W. P. Yonally & Co. was a Florida corporation. On January 27, 1926, Yonally & Co. entered into a written contract with Holm by the terms of which Holm agreed to buy from Yonally & Co. for $6000 lots 20 and 21 of Sunset Park, a subdivision of Winter Haven, Florida. He paid $600 in cash, $1200 was to be paid on March 27, 1926, $2100 on January 27, 1927, and $2100 on January 27, 1928, evidenced by notes, with interest at seven per cent, payable semi-annually. Yonally & Co.

agreed to convey by warranty deed when as much as one-half of the purchase price had been paid and to furnish an abstract showing a merchantable title. The balance of the purchase price, after the deed was executed, was to be secured by a first mortgage on the property. A failure to pay any principal or interest for thirty days after it became due rendered the entire balance due, or Yonally & Co. had the option to declare the contract null and void. Holm was to pay the taxes for 1926 and all municipal assessments and improvements. All notes and interest were to be paid at the office of Yonally & Co. in Winter Haven. The time of payment was an essential part of the contract and it was obligatory upon the heirs, executors, administrators and assigns of the respective parties. There were certain restrictions with reference to the use of the property which are not material in this case. At the time the contract was executed, and for some time prior thereto, Holm was living in Winter Haven with his family, and he continued to live there until in July, 1926, when he went to Chicago. The first note, due on March 27, 1926, was paid by Holm, and on July 27, 1926, he paid the interest on the other two notes. On November 15, 1926, Yonally & Co. sold to appellee Lynd the last two notes and conveyed to Lynd the real estate, subject to certain sales contracts which Lynd assumed and agreed to fulfill. Holm did not pay the second note when it became due, it was sent to Chicago, suit was started to collect it, and the bill in this case was filed after the suit was commenced.

Appellant insists that the contract is so uncertain as to its terms and subject matter as to be unenforcible in equity; that on the date the contract was executed Sunset Park was not in existence and no plat of it was on record in the county where the land was located; that the only plat of Sunset Park in evidence and on record is dated March 2, 1926; that there is no proof that the recorded plat of this subdivision dedicated, dated and recorded on March 2, 1926,

was in existence prior to the date which it bore or that the plat referred to the same lots 20 and 21 which the parties to the contract had in mind at the time the contract was signed.

Holm testified that the sale was negotiated by a Mrs. Lang, who was the agent of Yonally & Co., and that about a month prior to the signing of the contract he and Mrs. Lang went to see the property. She tried to locate the subdivision. She had sketches in a brief case and tried to show him on the map where the lots were. She examined one sketch which did not seem to be the right one. He asked her if she had more than one sketch. She said there were two sketches and they were not exactly alike. She said the second sketch she showed him was on record. He testified there was an orange grove on or near the land which she showed him. She looked for some stakes and numbers but could not find them. There were no streets, pavements or sidewalks in the location. He testified they did not find the property on this visit. They discussed lot numbers 20 and 21 but could not find where the lots were. This evidence of Holm is not contradicted.

Appellees admit that the plat of Sunset Park was recorded on March 2, 1926, and that no plat was on record on the date the contract was signed. No evidence was offered by appellees to show that the plat was in existence at the time the contract was signed. The dedication certificate is dated March 2, 1926. The presumption of law, in the absence of evidence to the contrary, is that an instrument is executed on the date it bears. (10 R. C. L. 1040.) Mrs. Lang made the sale to Holm; she went with him to examine the land; she had a plat in her possession at that time; she knew all about the plat and the transaction with Holm, but she was not called as a witness to identify the plat or to testify to any of the facts with reference to the examination made by her and Holm. W. P. Yonally testified to various facts, but he did not testify that the plat

offered in evidence was in existence prior to March 2, 1926. If the plat was in existence on January 27, 1926, that fact could have been proved by persons in the office of Yonally & Co. who had seen it and knew of its existence, but no such proof was offered. In the absence of such proof we must assume that the plat was executed on the date the evidence shows it was made, which was after the date of the contract. If there was no plat in existence on the date the contract was executed the contract contains no description of any land purchased by Holm. If the land intended to be conveyed is not described so it can be identified the contract cannot be specifically enforced.

Appellees contend that real estate may be properly described in a deed or contract by reference to an unrecorded plat or other paper in which the property is sufficiently described, citing 2 Tiffany on Real Property, 1650, and *Smith* v. *Crawford,* 81 Ill. 296. There is no question as to the correctness of this rule but it has no application here. Real estate cannot be correctly described in a deed or contract by mere reference to a plat which is not in existence but which is later prepared by one of the parties without the knowledge or consent of the other party. The contract makes no reference to any plat or other document. The real estate is described as "lots 20 and 21 of Sunset Park, a subdivision of West Haven, Florida." To entitle a party to specific performance the terms of the contract must be clear, certain, unambiguous and free from doubt. (*Olson* v. *Forsberg,* 332 Ill. 266.) The contract must definitely point out the land to be conveyed or furnish the means of identifying it with certainty. (*Heroux* v. *Romanowski,* 336 Ill. 297.) If the uncertainty in the description is patent, extrinsic evidence is not admissible to show what land was intended to be conveyed. (*Rampke* v. *Beuhler,* 203 Ill. 384.) If the contract fails in any of these respects a court of equity will not decree its specific performance. (*Kopprasch* v. *Satter,* 331 Ill. 126.) The contract did not describe the prop-

erty which was alleged to have been purchased by Holm with that degree of certainty which the law requires and was not capable of specific performance. Appellant is entitled to have the contract canceled and set aside.

The decree is reversed and the cause remanded, with directions to dismiss the cross-bill for want of equity and to enter a decree as prayed in the original bill as amended.

Per Curiam: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*