432

(No. 33076.—

LOUIS C. HORN *et al.,* Appellants, *vs.* WILLIAM E.
BISSINGER *et al.,* Appellees.

*Opinion filed March 17, 1954.*

LISTEMAN & BANDY, (JOHN M. KARNS, JR., of counsel,) both of East St. Louis, for appellants.

MALCOLM DURR, of Alton, for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiffs-appellants, Louis C. Horn and Alvena H. Horn, instituted their action of ejectment in the circuit court of Madison County against William E. Bissinger and Carrie Bissinger, defendants-appellees, to recover the possession of a parcel of land located in Madison County, alleged to be owned by the plaintiffs and unlawfully occupied by defendants. The parties hereto are adjoining property owners and the dispute involves a few feet of land lying between their respective properties. A motion to dismiss the complaint was overruled and the defendants answered the same denying the material allegations of the complaint and for a further defense asserted that they had acquired title to the land in dispute by adverse possession.

This cause was tried before the court without a jury, and, at the close of plaintiff's evidence, the defendants moved the court to dismiss. This motion was allowed on the ground that the plaintiffs had failed to establish the necessary elements to make out their cause of action and judgment was entered accordingly. A freehold being involved, the case comes here on appeal.

Plaintiffs' exhibit 3 shows that there is a brick wall between the property of the plaintiffs and that of the defendants and a survey by commissioners appointed by the circuit court of Madison County in a statutory proceeding between the plaintiffs and defendants shows that the true boundary line of the ground claimed by the plaintiffs is a few feet east of said brick wall, and the plaintiffs in this ejectment suit sought to recover from the defendants the few feet of ground claimed by them lying on the east side of said brick wall.

There was no affidavit filed of common source of title under section 25 of the Ejectment Act, (Ill. Rev. Stat. 1953, chap. 45, par. 25,) and neither was there any proof of possession by the plaintiffs of the land in controversy in themselves or in any prior grantors with whom they connect themselves. Therefore, to entitle the plaintiffs to recover they must prove title from the government. (*Krause* v. *Nolte,* 217 Ill. 298; *Zimmerman* v. *Kennedy,* 405 Ill. 306, 310.) Plaintiffs attempted to prove title by plaintiffs' exhibit 1, being an abstract as to the north 35.5 feet of lot 1, starting with Nathaniel Pope on August 17, 1838, and brought down to April 20, 1948, showing a deed from Emma E. Kopp, widow, to the plaintiffs dated April 29, 1937. Plaintiffs' exhibit 2 is an abstract covering the remainder of said property, commencing with a conveyance in 1897 and up to and including April 1948. This abstract shows a deed to the plaintiffs of the remainder of the lot from Pauline Whitten and husband, dated March 18, 1942. These abstracts of title were admitted into evidence with-

434

out objection. These, alone, do not prove title from the government.

There was no evidence that the plaintiffs have been in possession east of the brick wall, but it seems that the brick wall has always been recognized as the dividing line between the two properties. There can be no question but that in Illinois the rule is, as lately announced in *Powell* v. *Trustees of Schools,* 415 Ill. 236, at page 241: "A plaintiff in ejectment must recover on the strength of his own title and not upon the weakness of that of his adversary, and if he claims title in fee he must show a fee-simple title and must deraign title from the government where there is no proof of a common source of title, nor of possession by plaintiff of the strip of land in controversy in himself nor in any prior grantor with whom he connects himself. (*Krause* v. *Nolte,* 217 Ill. 298; *Allott* v. *Wilmington Light and Power Co.* 288 Ill. 541.)"

We are of the opinion that the judgment of the trial court was clearly correct. *Judgment affirmed.*