SCOTT STATE BANK, Plaintiff-Appellant, *v.* TABOR GRAIN COMPANY, Defendant-Appellee.

Fourth District   No. 4—82—0239

Opinion filed October 18, 1982.

Darrell F. Parish and Linda M. Castleman, both of Owen, Roberts, Susler & Murphy, P. C., of Decatur, for appellant.

Rosenberg, Rosenberg, Bickes, Johnson & Richardson, Chartered, of Decatur (David L. Johnson, of counsel), for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Plaintiff sued defendant in the circuit court of Moultrie County for conversion of grain in which it held a security interest under the Uniform Commercial Code—Secured Transactions (UCC) (Ill. Rev. Stat. 1979, ch. 26, par. 9—101 *et seq.*). The trial court entered summary judgment for the defendant and plaintiff appeals. The narrow question presented is the sufficiency of the description in a financing statement of the real estate on which the grain was produced under section 9—402(1) of the UCC (Ill. Rev. Stat. 1979, ch. 26, par. 9—402(1)).

Guy Wallace, a farmer, was a customer of the plaintiff and entered into a security agreement with it for a line of credit. The agreement created a security interest in all of Wallace's share of crops grown on certain farm land located in Moultrie County. The land was described with particularity under the government survey system. In order to perfect the security interest (Ill. Rev. Stat. 1979, ch. 26, par. 9—302), a financing statement was prepared and filed in the office of the recorder of deeds of Moultrie County. The description of the property covered by the statement is:

> "The debtors [*sic*] share of the crops grown on certain real estate as described on a certain Security Agreement dated June 1, 1979 on file with the Scott State Bank, Bethany, IL."

During the autumn and winter of 1979 Wallace sold grain to the defendant and did not apply the proceeds to his debt with the plaintiff. He defaulted in early 1980 and afterward declared bankruptcy. Plaintiff then filed the instant law suit alleging that defendant had converted grain in which plaintiff held a security interest.

Some depositions were taken but their content is not material in view of our disposition of this case. They related to issues of waiver and estoppel. However, the trial court allowed the defendant's motion for summary judgment on the ground of lack of proper description in the financing statement, a conclusion with which we agree.

The applicable law is found in sections 9—402(1) and 9—110 of the UCC (Ill. Rev. Stat. 1979, ch. 26, pars. 9—402(1), 9—110). Section 9—402(1) provides in pertinent part:

> "A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types or describing the items of collateral. *** When the financing statement covers crops growing or to be grown, the

statement must also contain a description of the real estate concerned."

Section 9—110 provides some guidance as to the sufficiency of a description by providing:

"For the purposes of this Article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

Under the facts of the case at bar we are faced with what is really a dual question: (1) Is there any description at all in the financing statement? and (2) Assuming *arguendo* that there is a minimal threshold of description, can it be fleshed out through incorporation by reference to an unrecorded document? Our answer is in the negative to both.

The merest glance at the financing statement reveals that it contains no description of the real estate whatsoever. We find pertinent a statement in White & Summers, Uniform Commercial Code sec. 23—16, at 964 (2d ed. 1980):

"When the collateral is growing crops or crops to be grown, 9—402(1) requires a description of the real estate must be included. The purpose of the description is to allow a third party creditor to identify the crops. Courts thus allow any description which reasonably identifies the crops; a legal metes and bounds description is not necessary. Complete omission of any description of the real estate is a major error. ***."

The rationale of the rule is obvious. While the UCC has adopted a system of "notice filing" (see Ill. Ann. Stat., ch. 26, par. 9—402, Uniform Commercial Code comment, at 285-86 (Smith-Hurd 1974)), it is notice of the *res*, not of the *persona*. Crops do not grow in a vacuum nor in the air; they grow in soil. Without some indication as to their location, the financing statement fails of its purpose and becomes a nullity. The description of the real estate is not only for the protection of third parties, but also for the debtor. If the security agreement covered only a portion of his ownership or tenancy, it would be improper for a nondescriptive financing statement to purport to cover the whole.

While we are of the opinion that the total lack of any description in the financing statement is dispositive of the matter, the parties have argued incorporation by reference. Plaintiff has cited two pre-UCC cases (*Holm v. Lynd* (1931), 343 Ill. 645, 176 N.E. 57; *Smith v. Crawford* (1876), 81 Ill. 296) for the proposition that real estate may be properly described by reference to an unrecorded plat or other paper in which the property is properly described. We find this authority

unpersuasive in the present circumstances. Both of those cases involved a controversy between the parties privy to the transaction; the UCC by its nature involves third parties and the public at large. Furthermore, the comments to the UCC indicate that incorporation must be by reference to a recorded document. Comment 5 to section 9—402 states in part:

> "*** but of course the incorporation of such a description by reference to the *recording data* of a deed, mortgage or other instrument containing the description should suffice under the most stringent standards. The proper test is that a description of real estate must be sufficient so that the fixture financing statement will fit into the real estate search system and the financing statement be *found by a real estate searcher*." (Emphasis added.) Ill. Ann. Stat., ch. 26, par. 9—402, Uniform Commercial Code Comment, at 287 (Smith-Hurd 1974).

We believe that the rationale of the rule is apparent. Financing statements nearly always concern private documents. It requires little imagination to envision the problems generated if a private person, not a bank examiner, should arrive on the plaintiff's premises and demand to see the loan and discount list.

As previously indicated, issues of waiver and estoppel were raised and argued below, but the trial court's order was based solely on the failure of the description in the financing statement. Since we agree with the court, we need not discuss these additional problems.

For the foregoing reasons, the order of the circuit court of Moultrie County granting summary judgment in favor of the defendant and against the plaintiff is affirmed.

Affirmed.

MILLS and TRAPP, JJ., concur.